IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA MALISZEWSKI, on behalf of himself and all others similarly situated, | § | |
| Plaintiff, | § | |
| V. | § | No. 3:26-cv-333-BN |
| BOWLOUNGE LLC, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S AGREED MOTION FOR FAIR LABOR STANDARDS ACT COLLECTIVE ACTION CERTIFICATION AND NOTICE**

**Background**

This action was filed as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). After the parties consented in writing, the case was transferred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of judgment, under 28 U.S.C. § 636(c). *See* Dkt. No. 18.

On July 28, 2026, Plaintiff filed an Agreed Motion for Fair Labor Standards Act Collective Action Certification and Notice. *See* Dkt. No. 19.

In the motion, Plaintiff requests that the Court enter an order certifying a collective action pursuant to 29 U.S.C. § 216(b) as follows:

> All current and/or former employees of Bowlounge, LLC who worked as servers and/or bartenders for Bowlounge, LLC at any time between February 8, 2024 and July 1, 2026 who were paid on a tipped and tip-credit hourly basis (hereafter the "Putative Collective Action Members").

*Id.* at 1.

The motion also contains the following requests:

> Plaintiff asks that the Court approve the Notice, [Consent to Join Form], and Client Data Sheet (collectively the "Notice Packet") attached as exhibits to the Appendix in support of the Motion.
>
> Plaintiff asks the Court to Order Defendant to produce to Plaintiff's Counsel, in a text searchable electronic format no later than 21 days from entry of the Court's Order granting this Motion, the full names, last known mailing addresses, last known e-mail addresses, and dates of employment of all Putative Collective Action Members.
>
> Plaintiff requests that the Court Order Plaintiff's counsel to mail, via First Class U.S.P.S. Mail and, where possible, e-mail the Notice Packet to each of the Putative Collective Action Members identified by Defendant as required by this Order no later than 21 days after Defendant provides the required Putative Collective Action Member data.
>
> Plaintiff asks that Plaintiff's counsel be allowed to provide Putative Collective Action Members with a prepaid self-addressed envelope in the mailed Notice Packet to be returned to Plaintiff's counsel.
>
> Plaintiff asks that the Court allow Plaintiff's counsel to use the following information on the outside of the Notice Packet mailing envelope and in the subject line of the e-mail to the Putative Collective Action Members – "Notice of Unpaid Tips and Wages Lawsuit – Deadline to Join."
>
> Plaintiff asks that Plaintiff's counsel be allowed to include the Notice language in the body of the email and provide the [Consent to Join Form] and Client Data Sheet as an attachment to the e-mail, or via a link to such documents contained in the email.
>
> Plaintiff requests that the Court allow a sixty (60) day notice period commencing on the date Plaintiff's counsel mails the court-approved Notice Packet to the Putative Collective Action Members (the "Notice Period").

*Id.* at 1-3 (cleaned up).

The Court enters this memorandum opinion and order granting the Agreed Motion for Fair Labor Standards Act Collective Action Certificate and Notice [Dkt. No. 19].

## Legal Standards and Analysis

I. <u>The Court grants Plaintiff's agreed request to certify a collective.</u>

As a judge in this district recently explained,

> [t]he FLSA requires covered employers to pay nonexempt employees for hours worked over 40 in a week, at the overtime rate of "not less than one and one-half times the regular rate at which [they are] employed." 29 U.S.C. § 207(a)(1). FLSA section 216(b) provides employees a cause of action against employers who violate section 207. 29 U.S.C. § 216(b). Under section 216(b), employees may sue via a collective action, which requires an affirmative, individual consent in writing from each employee who wishes to join. 29 U.S.C. § 216(b). This makes FLSA collectives different than typical class actions – "29 U.S.C. § 216(b) does not truly authorize a class action: it is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees."
>
> Employees may only proceed as a collective when they are "similarly situated" to one another. 29 U.S.C. § 216(b). Courts are tasked with deciding who is "similarly situated" such that they may join the collective – neither section 216(b) nor any Fifth Circuit precedent offers a clear-cut method of determining this, however. *Eltayeb v. Deli Mgmt., Inc.*, No. 4:20-cv-385, 2021 WL 5907781, at *2 (E.D. Tex. Dec. 14, 2021). Prior to 2021, courts typically applied the *Lusardi* two-step approach to decide whether to "certify" section 216(b) collective actions. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987); *see Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021) (rejecting *Lusardi*). *Lusardi* calls for a more lenient approach in its first step, which merely requires that litigants provide a basic factual showing of similarity before they may proceed as a collective. *Swales*, 985 F.3d at 436. The second step, effectively deciding whether to decertify the collective, necessitates a more careful look at the members' similarity. *Id.* at 437.
>
> Following the *Swales* decision, courts must abandon the two-step approach and "identify, at the outset of the case, what facts and legal conclusions will be material to determining whether a group of 'employees' is 'similarly situated.'" *Id.* at 441. Texas federal district courts have interpreted *Swales* as a call to execute the more stringent, second *Lusardi* step from the outset.
>
> Courts have "broad, litigation-management discretion" in determining whether putative collective-action members are similarly situated, *Swales*, 985 F.3d at 442, but should consider: (1) the putative members' disparate factual and employment settings; (2) defenses available to the defendant that may be individual to each potential

> member; and (3) considerations of fairness and procedure. "[N]o one-size-fits-all solution exists." Moreover, before deciding whether notifying a collective is warranted, courts may opt for further discovery or may limit the collective to only include certain members; contrarily, courts may find notice justified "when the pleadings and only preliminary discovery show sufficient similarity between the plaintiffs' employment situations." *Swales*, 985 F.3d at 441. Overall, courts should ask whether the case's merits can be answered collectively, thereby avoiding any future need for "highly individualized [inquiries] into each potential opt-in's circumstances" that would quickly devolve a collective action into a "cacophony of individual actions." *Id.* at 442. Notice may be sent to those putative members who meet these criteria for similarity. *Id.* at 443.

*Francis-Luster v. Kelley Law Firm, P.C.*, No. 3:19-cv-2708-L-BK, 2022 WL 822468, at *1-*2 (N.D. Tex. Feb. 10, 2022) (cleaned up).

And another judge in this circuit provides a similar, helpful explanation:

> Recent Fifth Circuit caselaw has upended a traditional two-step certification process which allows district courts to conditionally certify collective actions in FLSA cases. *Swales*, 985 F.3d 430 (rejecting the two-step certification framework established in *Lusardi*, 118 F.R.D. 351). The *Swales* panel directed district courts to "rigorously scrutinize the realm of 'similarly situated' workers ... from the outset of the case." *Id.* at 436. To determine whether notice should be provided, district courts must decide whether "merits questions can be answered collectively." *Id.* at 442.
>
> Depending on the underlying issues in each case, a court may require varying degrees of pre-notice discovery before making a determination. In some cases, such as where "the plaintiffs all have the same job description, and the allegations revolve around the same aspect of that job ..., a district court will not likely need mountains of discovery to decide whether notice is appropriate. In another case, such as.... where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery." *Id.* at 441-42. In these cases, a court may "(1) 'conclude that the Plaintiffs' and Opt-ins are too diverse a group' to support a collective action; (2) 'decide that [the court] needs further discovery to make [a] determination'; or (3) 'find that only certain subcategories of' employees 'should receive notice.'" *Eltayeb*, 2021 WL 5907781, at *2 (quoting *Swales*, 985 F.3d at 443).
>
> Courts must be cautious about opining on or endorsing the merits of a plaintiff's action at the notice stage. *Swales*, 985 F.3d at 440 ("The law instead says that the district court's job is ensuring that notice goes

> out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case."); *see also Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality."). As a general matter, "[c]onsidering, early in the case, whether merits questions can be answered collectively has nothing to do with endorsing the merits." *Swales*, 985 F.3d at 442. However, *Swales* notes an exception to this principle where a "merits issue" is a "dispositive, threshold matter[.]" *Id.* at 441. In some instances, the Court must decide whether plaintiffs may bring FLSA claims at all. For instance, a Court may need to determine whether an arbitration agreement forecloses collective action or whether plaintiffs should be classified as employees at all. In these cases, the district court should decide the threshold legal issue before determining whether notice is proper. *Id.* at 441.
>
> ....
>
> Plaintiff bears the burden of showing that potential plaintiffs are similarly situated to proceed to the notice stage. *Swales*, 985 F.3d at 435 n.65. While district courts in the Fifth Circuit no longer apply the *Lusardi* two-step process, they have continued to use factors from *Lusardi* to determine whether employees were "similarly situated" with respect to the alleged violations. Those factors are: "(1) the disparate factual and employment settings of the proposed plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each proposed plaintiff; and (3) fairness and procedural considerations." *Lusardi*, 118 F.R.D. at 359.

*Cortez v. Casa do Brasil, LLC*, 646 F. Supp. 3d 847, 852-53 (S.D. Tex. 2022) (cleaned up); *accord Keller v. El Dorado Oil & Gas, Inc.*, No. 1:22cv42-HSO-RPM, 2023 WL 8002681, at *6 (S.D. Miss. Apr. 10, 2023).

Applying these post-*Swales* standards, the Court grants Plaintiff's agreed request to certify a collective under 29 U.S.C. § 216(b) of the current and former employees of Bowlounge, LLC defined as the "Putative Collective Action Members."

Under *Swales*, "the FLSA's similarity requirement is something that district courts should rigorously enforce at the outset of the litigation," and, so, "to determine whether and to whom notice should be issued in this case, the Court needs to consider

all of the available evidence." *Keller*, 2023 WL 8002681, at *6 (cleaned up; quoting *Swales*, 985 F.3d at 442, 443). "After doing so, it may decide that the case cannot proceed on a collective basis, that it needs further discovery to make this determination, or that only certain individuals should receive notice." *Id.*

The parties' motion reflects that there are no disparate factual and employment settings that preclude a finding that the "current and/or former employees of Bowlounge, LLC who worked as servers and/or bartenders for Bowlounge, LLC at any time between February 8, 2024, and July 1, 2026, who were paid on a tipped and tip-credit hourly basis" are similarly situated for Section 216(b)'s purposes. Dkt. No. 19 at 1. As the parties all "agree, this [is] a sufficiently narrow definition of those individuals who are similarly situated to Plaintiff under the FLSA that they should receive notice in accordance with *Swales*." *Keller*, 2023 WL 8002681, at *7; *accord Francis-Luster*, 2022 WL 822468, at *2-*4.

Defendant has not raised any defenses available to it that appear to be individual to each proposed plaintiff – at least to an extent that is "so individualized that it is inefficient or unmanageable to proceed with a representative class" and would weigh against Section 216(b) collective treatment. *Cortez*, 646 F. Supp. 3d at 854.

The original complaint alleges that "Defendant violated the FLSA's tip payment provision because it kept and/or shared tips earned by Plaintiff and the putative collective action members with customarily non-tipped employees, such as supervisors and bowling alley mechanics at Defendant's venues." Dkt. No. 1 at 2. The

complaint also alleges that "Defendant violated the FLSA's overtime wage provision because it did not include bonus pay in calculating the respective regular rates of pay of Plaintiff and the putative collective action members in determining the overtime wages they should have been paid." *Id.* In its answer, Defendant denies these allegations and asserts that "the putative collection action members were paid all tips and overtime wages properly." Dkt. No. 11 at 7.

As Plaintiff's agreed motion appears to reflect, "allowing the putative plaintiffs to sue collectively would lower their costs and allow the Court to efficiently resolve common issues of law and fact that pertain to the proposed collective of [employees] in one proceeding instead of in multiple individual proceedings," and Defendant does not assert that it "will be prejudiced or otherwise particularly burdened by being made to litigate against a collective." *Francis-Luster*, 2022 WL 822468, at *4. And, so, the third "factor weighs in favor of finding the proposed collective-action members similarly situated." *Id.*

Because the parties' stipulation reflects sufficient similarity and that no individualized defenses are at play and fairness and procedural considerations favor collective action, the Court certifies the FLSA collective proposed here. *Accord id.* at *5.

II. <u>The Court approves the proposed notice plan and schedule.</u>

"The benefits of a collective action depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate. As such, courts should exercise their

discretion regarding the form and content of the notice so as to ensure that the notice is accurate and that it includes information that would be needed to make an informed decision about whether to join the lawsuit." *Cervantez v. TDT Consulting, LLC*, No. 3:18-cv-2547-S-BN, 2019 WL 3948355, at *10 (N.D. Tex. July 22, 2019) (cleaned up), *rep. & rec. adopted*, 2019 WL 3947585 (N.D. Tex. Aug. 21, 2019).

No party objects to the proposed notice plan and schedule, which includes notice being disseminated to the collective members by first-class mail and, where possible, email, and which requires Defendant to provide to Plaintiffs' counsel certain contact and identifying information regarding all collective members. *See* Dkt. No. 19 at 2-3.

The Court approves the proposed Notice [Dkt. No. 20 at 4-5], which appropriately, among other things, "contain[s] a brief explanation of [Defendant's] bases for disputing liability." *Cervantez*, 2019 WL 3948355, at *11.

The Court finds that the Consent to Join Form [Dkt. No. 20 at 7] is sufficient as written and authorizes the parties to disseminate the form. *Accord Cervantez*, 2019 WL 3948355, at *11.

The Court approves the proposed Client Data Sheet [Dkt. No. 20 at 9] and orders Defendant to provide Plaintiffs' counsel with the specified contact and identifying information regarding all collective members. "Courts have routinely ordered employers to produce such information for the purpose of transmitting a Notice." *Cervantez*, 2019 WL 3948355, at *11.

And the Court finds that the 60-day opt-in period from the date of mailing,

which will begin to run 3 calendar days after the mailing of the Notice Packet by Plaintiff's Counsel, is adequate. *Accord Cervantez*, 2019 WL 3948355, at *12.

**Conclusion**

The Court grants Plaintiff's Agreed Motion for Fair Labor Standards Act Collective Action Certification and Notice [Dkt. No. 19], approves the parties' proposed notice forms, orders that notice be distributed under the parties' proposed plan and schedule, and approves the proposed 60-day opt-in period.

SO ORDERED.

DATED: September 3, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE